**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JACQUELINE MARSHALL,

Plaintiff,

v.

SUNITA KUMAR NAIR and ABRAMS BOOKS,

Defendants.

**COMPLAINT**

Jacqueline Marshall ("Plaintiff" or "Ms. Marshall"), by and through her attorneys Fox Rothschild LLP, brings this complaint against Sunita Kumar Nair ("Ms. Kumar Nair") and Abrams Books ("Abrams") (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

Plaintiff Jacqueline ("Jacky") Marshall is an artist and former fashion designer who has spent the entirety of her career in the fashion and art world. During the 1990s, Ms. Marshall worked as a fashion designer at Calvin Klein, where several of her colleagues became close personal friends. In the early 1990s, Ms. Marshall took a personal photograph of two of those friends, Carolyn Bessette (later Carolyn Bessette Kennedy) and Zack Carr, both of whom tragically passed away just a few years later. Ms. Marshall never released that photograph publicly. The only print that ever left her possession was a single copy she framed and gifted to Mr. Carr as a personal keepsake for his home after Ms. Bessette Kennedy passed away. She never gave Mr. Carr, or anyone else, permission to copy, publish, or distribute it.

In 2022, Ms. Kumar Nair began soliciting Ms. Marshall to contribute to a book about Carolyn Bessette Kennedy's fashion legacy. Ms. Kumar Nair contacted her repeatedly, promising to honor her wishes "to the letter." On October 15, 2022, Ms. Marshall declined in writing, and

Ms. Kumar Nair acknowledged the refusal. Abrams published the book anyway, reproducing Ms. Marshall's private photograph of her late friends without her knowledge, permission, credit, or payment. Defendants took from Ms. Marshall exactly what she had refused to give. They continue to print, distribute, and sell the book at $65.00 per copy through national retailers. This action seeks to stop that infringement and to recover the damages and profits the Copyright Act provides.

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act.

3. This Court has personal jurisdiction over Defendants. Upon information and belief, Abrams maintains its principal place of business in New York County, New York. Upon information and belief, Ms. Kumar Nair transacts business in New York, maintains a New York telephone number, travels to New York for business, maintains a New York address, contracted with a New York publisher to publish the infringing book, and has committed acts of infringement in New York, including through the sale of the infringing book at retailers in this District. Jurisdiction is proper under Fed. R. Civ. P. 4(k)(1)(A) and N.Y. C.P.L.R. §§ 301 and 302(a).

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants or their agents reside or may be found in this District, and a substantial part of the events giving rise to the claims occurred here.

## PARTIES

5. Plaintiff Jacqueline Marshall is an individual residing in New York, New York. Ms. Marshall is a fashion-industry professional and photographer who worked at Calvin Klein during the period when Carolyn Bessette Kennedy worked there.

6. Defendant Sunita Kumar Nair resides in London, England and New York, NY. Ms. Kumar Nair is the author of *CBK: Carolyn Bessette Kennedy: A Life in Fashion* (the "Book") and is marketed as the fashion consultant for the television series *Love Story*.

7. Defendant Abrams Books is a New York corporation with its principal place of business at 195 Broadway, 9th Floor, New York, New York. Abrams is the publisher of the Book.

## FACTUAL BACKGROUND

8. Ms. Marshall is the author of an original photograph depicting Carolyn Bessette Kennedy and Zack Carr together (the "Photograph").

9. The Photograph is a personal, candid image that Ms. Marshall took of two dear friends. Ms. Marshall made the creative choices embodied in the Photograph, including its timing, framing, composition, and subject matter.

10. When Ms. Marshall took the Photograph, Carolyn Bessette Kennedy was not a public figure. She was a colleague and friend at Calvin Klein. The Photograph captures a private moment between friends, before Ms. Bessette Kennedy became one of the most photographed and closely watched women in the world.

11. Ms. Marshall possesses the original negatives of the Photograph.

12. Ms. Marshall is the sole owner of the copyright in the Photograph. The Photograph is registered with the United States Copyright Office as an unpublished work under Registration

No. VAu 1-594-536, with an effective date of registration of May 8, 2026. A copy of the registration certificate is attached as Exhibit A.

13. Ms. Marshall has never licensed, sold, or authorized anyone to reproduce, distribute, or publicly display the Photograph. She has never transferred any ownership interest in the copyright.

14. In 1996, Ms. Bessette Kennedy married John F. Kennedy Jr. and became an object of intense public and media attention. In July 1999, Ms. Bessette Kennedy tragically passed away. Since her passing, she has remained a cultural and fashion icon, and public fascination with her life and style has continued for more than twenty-five years.

15. On May 31, 2022, Ms. Kumar Nair contacted Ms. Marshall by email, stated that she was working on a fashion book about Carolyn Bessette Kennedy, and asked to speak with Ms. Marshall, noting that two people from Calvin Klein had mentioned Ms. Marshall's name. Ms. Marshall did not reply.

16. On June 18, 2022, Ms. Kumar Nair again emailed Ms. Marshall, proposing to meet in person in New York in June or July 2022. Ms. Marshall did not reply.

17. On October 11, 2022, Ms. Kumar Nair emailed Ms. Marshall a "last call," asking whether she would "contribute in anyway" to the Book and stating that it was "whatever you feel comfortable with" and that she would "honour that to the letter."

18. On October 15, 2022, Ms. Marshall replied in writing: "I decline your offer."

19. The same day, Ms. Kumar Nair acknowledged Ms. Marshall's refusal, writing: "Thanks for letting me know !"

20. Ms. Kumar Nair thus knew before publication that Ms. Marshall, a close friend of the Book's subject, had expressly declined Ms. Kumar Nair's invitation to contribute to the Book. Defendants proceeded anyway, publishing a private image of Ms. Marshall's late friends that she had chosen to keep out of public view.

21. Abrams published the Book on or about November 7, 2023. The Book is a 256-page hardcover with a list price of $65.00, ISBN 9781419767197.

22. The Book reproduces the Photograph in its interior without Ms. Marshall's permission and without crediting her as the photographer. The Photograph appears at page 140 of the Book, where it is reproduced on approximately half of the page at the opening of a chapter on Ms. Bessette Kennedy's relationship with Zack Carr. Copies of the Book's cover, copyright page and the page reproducing the Photograph are attached as Exhibit B.

23. As the publisher, Abrams controlled and was responsible for the content, design, production, printing, marketing, and distribution of the Book. Upon information and belief, Abrams reviewed and approved the Book's final contents before publishing.

24. Abrams is a sophisticated, established publisher of illustrated and photography books that, upon information and belief, maintains policies and practices for clearing rights in third-party images.

25. Abrams knew or should have known that a photograph credited only to an archive, and previously credited to "photographer unknown," had not been cleared with its copyright owner. Abrams nonetheless published the Photograph.

26. Abrams has a direct financial interest in the infringement. Abrams receives the revenue from every copy of the Book sold, including copies it sells directly to consumers through its own website, abramsbooks.com, and copies it sells to retailers for resale.

27. The Photograph, a private image taken by a personal friend of the Book's subject, contributes to the Book's value and appeal.

28. Ms. Marshall did not authorize Ms. Kumar Nair, Abrams, or anyone else to reproduce the Photograph.

29. Defendants never informed Ms. Marshall that they had obtained the Photograph or that they intended to publish it, and the Book does not credit her as the photographer. Ms. Marshall did not discover, and had no reason to know, that the Photograph appeared in the Book until in or around early 2026, when she first looked through a copy of the Book and saw the Photograph reproduced inside.

30. Defendants have reproduced the Photograph in every copy of the Book printed and have distributed and publicly displayed the Photograph through sales of the Book, including through retailers such as Rizzoli Bookstore, Target, and Amazon, and through other outlets.

31. Defendants market the Book nationally. Target, for example, promotes the Book as coming "[f]rom the hit series *Love Story*'s fashion consultant and style authority Sunita Kumar Nair."

32. Public interest in Ms. Bessette Kennedy has surged again with the 2026 FX limited series *Love Story*, which dramatizes her relationship with John F. Kennedy Jr. Upon information and belief, *Love Story* is FX's most-watched limited series ever on streaming, with more than 25 million hours viewed.

33. The Book was designed to capitalize on the public's enduring fascination with Ms. Bessette Kennedy, and Defendants have marketed it to ride the renewed wave of attention generated by *Love Story*, for which, upon information and belief, Ms. Kumar Nair served as fashion consultant. Intimate, never-before-seen images of Ms. Bessette Kennedy from before her fame, like the Photograph, are precisely what the Book's audience seeks and what Defendants promote. Defendants appropriated the commercial value of that interest, and of Ms. Marshall's private Photograph, for their own profit.

34. Ms. Kumar Nair's role on *Love Story* flowed directly from the Book. *Love Story* premiered on FX and FX on Hulu on February 12, 2026, more than two years after the Book's publication. As the *New York Post* reported, Ms. Kumar Nair "was called to consult on the series because she literally wrote the book on Carolyn's style," and she was brought on as an "authority on her fashion." Another outlet likewise reported that the show "brought in *CBK: Carolyn Bessette Kennedy: A Life in Fashion* author Sunita Kumar Nair as a consultant." Ms. Kumar Nair attended the series premiere at Carnegie Hall, where, by her account, the actress who plays Ms. Bessette Kennedy said she read excerpts of the Book to prepare for the role.

35. Ms. Kumar Nair has extensively promoted the Book and leveraged it into public appearances and press coverage, in which she is consistently identified as the Book's author. By way of example, she has been featured or quoted as the author of the Book in the *New York Post* (March 14, 2026), *The Guardian* (March 8, 2026), *Elle* (March 27, 2026), and the *Office of the Surface* newsletter (March 6, 2026). Upon information and belief, Ms. Kumar Nair has also promoted the Book through book signings, launch events, and other appearances. Each of these promotional efforts drove demand for, and sales of, the Book containing the Photograph.

36. On June 9, 2026, Ms. Marshall notified Ms. Kumar Nair in writing that the Photograph appeared in the Book without her consent, reminded her that she had declined to participate, and reserved all rights.

37. After Ms. Marshall notified Ms. Kumar Nair of the infringement, Ms. Kumar Nair responded on June 9, 2026, that she had obtained the Photograph from George Carr, Zack Carr's brother, who she claimed had provided it to her and granted her permission to use it in the Book, and that she believed the Photograph had previously appeared in George Carr's own book, *Zack Carr*.

38. To Ms. Marshall's knowledge, George Carr could only have obtained a copy of the image after Zack Carr's passing, as Ms. Marshall's gift of a single framed print to Zack Carr was a personal gesture between friends, made so that he could keep it in his home to remember their close friendship after Ms. Bessette Kennedy's passing. Ms. Marshall never intended that the print be copied or distributed by anyone.

39. Under 17 U.S.C. § 202, transferring a physical copy of a work does not convey any rights in the copyrighted work. Neither Zack Carr nor his estate, heirs, or family, including George Carr, acquired any right to reproduce, distribute, display, or license the Photograph by possessing that print.

40. Even if Ms. Kumar Nair's account is true, it provides no defense. Ms. Marshall never gave George Carr, Zack Carr, or anyone else permission to reproduce, publish, distribute, or license the Photograph, and George Carr never held any copyright interest in it. George Carr therefore had no authority to grant Defendants permission to use the Photograph, and any purported permission he gave was void. Any prior reproduction of the Photograph in *Zack Carr*

was likewise made without Ms. Marshall's knowledge or authorization, did not constitute publication of the Photograph by or under the authority of its copyright owner, and conveyed no rights to anyone. The Photograph therefore remains unpublished.

41. Upon information and belief, when George Carr reproduced the Photograph in *Zack Carr*, he credited it to "photographer unknown." A credit stating that the photographer was unknown put Defendants on notice that George Carr was not the photographer, that the copyright owner had not been identified, and that George Carr did not hold, and could not grant, the rights to the Photograph.

42. Despite Ms. Marshall's June 9, 2026 notice, Defendants have not paid Ms. Marshall any compensation, and they continue to sell, distribute, and offer for sale copies of the Book containing the Photograph, including through Rizzoli Bookstore, Target, Amazon, Powell's Books, Strand Bookstore, Abrams' own website, and various other retailers, as of at least November 4, 2026.

43. Upon information and belief, Defendants have not withdrawn existing inventory of the Book containing the Photograph from sale, and may print or authorize further printings, editions, or formats of the Book containing the Photograph.

44. Upon information and belief, Abrams at all times had, and continues to have, the right and ability to stop the reproduction and distribution of the Photograph, including by withdrawing inventory, halting further printings, or removing the Photograph from future printings and editions, and has not done so.

## FIRST CAUSE OF ACTION

**Copyright Infringement, 17 U.S.C. §§ 106 and 501 (Against All Defendants)**

45. Ms. Marshall repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

46. The Photograph is an original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under 17 U.S.C. § 102(a)(5).

47. Ms. Marshall owns a valid copyright in the Photograph, which is registered with the United States Copyright Office, satisfying 17 U.S.C. § 411(a). Ms. Marshall has not granted any Defendant a license or the right to use the Photograph in any manner, nor has she assigned any of her exclusive rights in the copyright to any Defendant.

48. Defendants had access to the Photograph and copied it verbatim, reproducing it in its entirety in the Book.

49. Without Ms. Marshall's authorization, license (express or implied), or consent, Defendants have infringed and continue to infringe Ms. Marshall's exclusive rights under 17 U.S.C. § 106(1), (3), and (5), by reproducing the Photograph in copies of the Book, distributing copies of the Book containing the Photograph to the public by sale, and publicly displaying the Photograph.

50. Abrams is directly liable as the publisher that reproduced and distributed the Photograph. Ms. Kumar Nair is directly liable as the author who selected, obtained, and supplied the Photograph for reproduction in the Book. In the alternative, each Defendant is contributorily and vicariously liable for the other's infringement, having knowingly induced, caused, or

materially contributed to it, and having had the right and ability to supervise the infringing conduct and a direct financial interest in it.

51. Defendants' use of the Photograph is not a fair use. The use is commercial and non-transformative: Defendants reproduced the entire Photograph, without alteration, to show what it depicts, and the Photograph remains the dominant image wherever it appears. The Photograph is a creative, unpublished personal image whose first publication was Ms. Marshall's right to control, and the scope of fair use for unpublished works is considerably narrower.

52. Defendants acted in bad faith, reproducing the Photograph after Ms. Marshall expressly refused to contribute to the Book and without crediting her. The use usurps the market for licensing the Photograph, including its first publication.

53. Defendants' infringement was, at a minimum, committed in reckless disregard of Ms. Marshall's rights, given Ms. Marshall's express written refusal to participate in the Book, the "photographer unknown" attribution in George Carr's book, and Defendants' continued sale of the Book after receiving written notice of the infringement.

54. As a direct and proximate result of Defendants' infringement, Ms. Marshall has suffered actual damages, including the loss of the fair market value of a license for Defendants' use of the Photograph.

55. Ms. Marshall is entitled under 17 U.S.C. § 504(b) to recover her actual damages and any profits of Defendants attributable to the infringement that are not taken into account in computing actual damages.

56. Defendants' profits attributable to the infringement include, without limitation, Abrams' profits from sales of the Book in all formats and from any sublicenses, foreign or

translated editions, or other exploitation of the Book, and Ms. Kumar Nair's advance, royalties, and other compensation received in connection with the Book.

57. Defendants' conduct has caused, and unless enjoined by this Court will continue to cause, Ms. Marshall irreparable injury that cannot be fully compensated by money damages. Ms. Marshall is entitled to injunctive relief under 17 U.S.C. § 502 and to impoundment and disposition of infringing copies under 17 U.S.C. § 503.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jacqueline Marshall respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, as follows:

a. Declaring that Defendants have infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501;

b. Permanently enjoining Defendants, and their officers, agents, servants, employees, and all persons in active concert or participation with them, from reproducing, distributing, publicly displaying, or otherwise using the Photograph, including in any further printing, edition, translation, digital or electronic format, or promotional material for the Book, under 17 U.S.C. § 502;

c. Ordering the impoundment and destruction or other reasonable disposition of all infringing copies of the Book in Defendants' possession, custody, or control, under 17 U.S.C. § 503;

d. Ordering Defendants to provide an accounting of all copies of the Book printed, distributed, and sold, and of all gross revenue received from the Book;

e. Awarding Plaintiff her actual damages and Defendants' profits attributable to the infringement, in an amount to be determined at trial, under 17 U.S.C. § 504(b);

f. Awarding Plaintiff her full costs of this action under 17 U.S.C. § 505, 28 U.S.C. § 1920, and Fed. R. Civ. P. 54(d);

g. Awarding pre-judgment and post-judgment interest as permitted by law; and

h. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 6, 2026

**FOX ROTHSCHILD LLP**

By: ______________________
John A. Wait, Esq.
Anastasia K. Kyriakos, Esq.
101 Park Avenue
17th Floor
New York, New York 10178
(212) 878-7900
*Attorneys for Plaintiff Jacqueline Marshall*